IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAWANDA LOWE, individually and on behalf of all similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>MEDCIPHERS, LLC,<br><br>    Defendant. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Tawanda Lowe ("Plaintiff") brings this collective action on behalf of all current or former non-exempt hourly employees employed by Defendant Medciphers, LLC ("Defendant") who provide care to patients in their homes and worked in excess of 40 hours per week at any time beginning three (3) years prior to the filing of this Collective Action Complaint to present. In violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and as a regular and routine practice, Defendant willfully failed to pay Plaintiff and similarly situated persons one-and-one-half their regular rate for all hours worked in excess of 40 hours per week, and instead, as a regular routine and practice, reduced the regular rate of

1

Plaintiff and similarly situated persons during weeks in which they worked in excess of 40 hours per week. Plaintiff shows the Court as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former non-exempt hourly employees who worked for the Defendant within the statutory period and who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action"), that Plaintiff and the persons who opt into the Collective Action are, *inter alia*, entitled to (i) unpaid overtime wages from Defendant for time they worked in excess of 40 hours per week and Defendant failed to pay them at one-and-one-half their regular rate; (ii) liquidated damages; (iii) interest; and (iv) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This is an action brought under the FLSA for unpaid overtime wages, and other relief authorized by the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

3. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

5. Plaintiff began working for Defendant on February 24, 2017. Plaintiff currently works for Defendant as a Home Health Aide.

6. Defendant Medciphers, LLC is a for-profit Georgia corporation with its principal place of business in Gwinnett County, Georgia, at 4165 Shackleford Road, Norcross, Georgia 30344.

7. Defendant Medciphers, LLC may be served with process through its Registered Agent, Christopher Trower, at 3159 Rilman Road NW, Atlanta, Georgia 30327.

8. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 *et seq*.

9. At all relevant times, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

10. At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

11. On information and belief, at all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

12. At all relevant times, Defendant has had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13. At all relevant times, Defendant was and continues to be an "employer" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

14. At all relevant times, Defendant employed Plaintiff and other similarly situated persons in domestic service, as defined by 29 U.S.C. § 206(f) and 29 U.S.C. § 207(l).

15. At all relevant times, Defendant was a third party employer within the meaning of 29 C.F.R. § 552.109.

16. Defendant is governed by and subject to 29 U.S.C. § 207.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

18. Plaintiff and those similarly situated are persons who were, or are, employed by Defendant as non-exempt hourly employees and worked in excess of forty (40) hours per week at any time within three years prior to the filing of this Complaint to present (hereinafter the "FLSA Collective").

19. Most of the members of the FLSA Collective would not be likely to file individual suits because they lack knowledge of their claims, adequate financial resources, and/or access to attorneys.

20. Plaintiff will fairly and adequately protect the interests of the members of the FLSA Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

21. Questions of law and fact common to the members of the FLSA Collective predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members of the FLSA Collective.

## STATEMENT OF FACTS

22. Defendant is a "multi service health care company dedicated to serving both English and non-English speaking communities by providing home care, translation and interpretation services, non-emergency transportation, skilled nursing and personal support aides."

23. Plaintiff began working for Defendant as a Home Health Aide on February 24, 2017. As of the date of this filing, she remains employed by Defendant as a Home Health Aide.

24. The job duties of Defendant's Home Health Aides, including Plaintiff, include: bathing, cleaning wounds, assisting patients with personal grooming, and overall assisting patients with their healthcare needs

25. Defendant employs Home Health Aides, Caregivers and other non-exempt employees to provide care to patients in their homes (hereinafter the "Non-Exempt Home Caregivers").

26. On information and belief Defendant employs Non-Exempt Home Caregivers to work approximately 8-12-hour shifts, approximately five to seven days a week.

27. For example, at one point during her employment, Plaintiff was scheduled to work from approximately 5:00 am to 5:00 pm daily. In another period

of time working for Defendant, Plaintiff was scheduled to work from approximately 8:00 am to 9:30 pm daily. During both periods, she was scheduled to work five to seven days a week.

28. The weekly schedules for Defendants' Non-Exempt Home Caregivers, including Plaintiff, depend upon the needs of Defendant and its patients, and Defendant changes the schedules in its discretion to meet patient needs.

29. At the time of the filing of this Collective Action Complaint, Plaintiff is regularly working approximately 75 hours per workweek.

30. On information and belief, Defendant's other Non-Exempt Home Caregivers regularly work well in excess of 40 hours per workweek.

31. Defendant knew or should have known that Plaintiff and other Non-Exempt Home Caregivers regularly worked well in excess of 40 hours per workweek.

32. Each and every week that Plaintiff worked 8-12-hour shifts for five to seven days in a week, which have been the vast majority of her workweeks with Defendant, she has worked well in excess of approximately 40 hours.

33. Each and every week that Plaintiff worked consecutive 8-12-hour shifts for five to seven days in a week, which have been the vast majority of her workweeks

with Defendant, Defendant failed to pay her accurate overtime wages for time worked in excess of 40 hours per week.

34. Merely by way of example, Plaintiff worked well in excess of 40 hours per workweek, on the weeks beginning September 29, 2019, November 17, 2019, April 19, 2020, July 5, 2020 and July 12, 2020 and was not paid overtime at a rate of one-and-one half her regular rate. These examples are based on a sampling of paystubs in Plaintiff's possession and she will be able to identify substantially more workweeks in discovery once Defendant's records are produced.

35. During the relevant time period, Defendant routinely paid, and continues to routinely pay, Plaintiff less than her regular rate of $10.00 per hour during weeks in which she works more than 40 hours per workweek.

36. As an example, during the week of April 19, 2020, Plaintiff's hourly rate reduced from $10.00 to $9.25 after she worked 48 hours in the workweek. During the week of July 5, 2020, Plaintiff's hourly rate reduced from $10.00 to $8.15 after she worked 56 hours in the workweek.

37. The reduced hourly rate fails to compensate Plaintiff at the required overtime rate of one-and-one-half the regular rate for any of the substantial overtime hours that she worked and continues to work.

38. On information and belief, as a systemic practice, Defendant reduced and continues to reduce, the hourly rate of the Non-Exempt Home Caregivers during weeks in which they work in excess of 40 hours per workweek, and does not pay them the required overtime rate of one-and-one-half their regular rate for all time worked in excess of 40 hours per week.

39. On information belief, Defendant regularly, as a routine policy and practice, failed to pay Plaintiff and other Non-Exempt Home Caregivers at the overtime rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

40. On information and belief, Defendant's unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

41. Defendant was, or should have been, aware that the FLSA requires it to pay non-exempt employees overtime wages at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

42. Defendant's failure to pay Plaintiff and other Non-Exempt Home Caregivers overtime wages at the rate required by the FLSA for all time worked in excess of 40 hours per workweek was and is willful and not in good faith.

43. As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collective have been, and continue to be, deprived of overtime wages in an amount to be determined at trial for all time worked in excess of 40 hours per workweek, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

**COUNT ONE**
**(Individual FLSA Claim Asserted by Plaintiff)**
**Willful Failure to Pay Overtime Wages in Violation of the FLSA**

44. Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

45. At all relevant times, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

46. On information and belief, at all relevant times, Defendant had an annual gross volume of sales made or business done in excess of $500,000.

47. At all relevant times, Defendant had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

48. At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

49. At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

50. At all relevant times, Defendant employed Plaintiff and other similarly situated persons in domestic service, as defined by 29 U.S.C. § 206(f) and 29 U.S.C. § 207(l).

51. At all relevant times, Defendant was a third party employer within the meaning of 29 C.F.R. § 552.109.

52. Defendant is governed by and subject to 29 U.S.C. § 207.

53. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

54. The FLSA requires employers, such as Defendant, to compensate employees, such as Plaintiff, at a rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per week.

55. Plaintiff regularly worked more than 40 hours per workweek during her employment with Defendant.

56. Throughout the relevant time period, Defendant regularly decreased, and continues to regularly decrease, Plaintiff's hourly rate from her regular rate of $10.00 per hour when she works in excess of 40 hours per workweek.

57. Throughout the relevant time period, Plaintiff frequently worked in excess of 40 hours per workweek.

58. Throughout the relevant time period, Defendant willfully failed to pay Plaintiff overtime wages at one-and-one-half her regular rate for all time she worked in excess of 40 hours per workweek, and instead paid Plaintiff an artificially low overtime rate based on the improperly reduced regular rate.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant's violations of the FLSA are willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

61. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendant's

violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## COUNT TWO
## (Collective FLSA Claim)
## Willful Failure to Pay Overtime Wages in Violation of the FLSA

62. Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

63. Plaintiff seeks to represent the following collective group of non-exempt employees who Defendant failed to pay all overtime wages due:

> All persons who meet the definition of Non-Exempt Home Caregivers (defined in Paragraph 25 above) and who worked for Defendant within three years prior to the filing of this Complaint to present and worked in excess of 40 hours per week in one or more workweeks.

This is the "FLSA Collective."

64. At all relevant times, Defendant has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

65. At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiff and the FLSA Collective, have handled

or otherwise used materials that have been moved or produced in interstate commerce.

66. On information and belief, at all relevant times, Defendant had an annual gross volume of sales made or business done in excess of $500,000.

67. At all relevant times, Defendant has had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

68. At all relevant times, Defendant was an "employer" of Plaintiff and the FLSA Collective as that term is defined by 29 U.S.C. § 203(d).

69. At all relevant times, Defendant employed Plaintiff and members of the FLSA Collective in domestic service, as defined by 29 U.S.C. § 206(f) and 29 U.S.C. § 207(l).

70. At all relevant times, Defendant was a third party employer within the meaning of 29 C.F.R. § 552.109.

71. Defendant is governed by and subject to 29 U.S.C. § 207.

72. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the FLSA Collective.

73. The FLSA requires employers, such as Defendant, to compensate employees such as Plaintiff and members of the FLSA Collective at a rate of one-

and-one-half the regular rate of pay for all hours worked in excess of 40 in each workweek.

74. Throughout the relevant time period Defendant required, and continues to require, Plaintiff and members of the FLSA Collective to work more than 40 hours per workweek.

75. Defendant regularly, and as a routine policy and practice, failed to pay, and continues to fail to pay, Plaintiff and other members of the FLSA Collective at the overtime rate of one-and-one-half their regular rate of pay for all time worked in excess of 40 hours per workweek.

76. Instead, Defendant has improperly reduced, and continues to reduce, the regular rate of pay for Plaintiff and other members of the FLSA Collective for workweeks in which they worked or work in excess of forty (40) hours and pay them an artificially low overtime rate based on that improperly reduced rate.

77. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendant's violations of the FLSA are willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

79. Defendant is liable to Plaintiff and the FLSA Collective for (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendant's violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all members of the FLSA Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a) Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by Defendant during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b) A declaratory judgment that the Defendant's practices complained of herein are unlawful under the FLSA;

c) An award of unpaid overtime wages due under the FLSA;

d) An award of liquidated damages as result of Defendant's failure to pay overtime wages;

e) An award of prejudgment and post-judgment interest; and

f) An award of costs and expenses of this action, including reasonable attorneys' and expert fees.

Dated this 21st day of August 2020.

                                                Respectfully submitted,

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue
Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com

Beth A. Moeller
Georgia Bar No. 100158
bmoeller@moellerbarbaree.com
MOELLER BARBAREE LLP
1175 Peachtree Street NE
Suite 1850
Atlanta, Georgia 30361
Telephone: (404) 748-9122

Counsel for Plaintiff